# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIFER VESPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-1165-G |
| | ) |
| INDEPENDENT SCHOOL | ) |
| DISTRICT NO. 89 OF OKLAHOMA | ) |
| CITY et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

Now before the Court is the motion of Defendants Aurora Lora, Eduardo Sindaco, and Janis Perrault, who are sued in their individual capacities (referred to herein, as the "Individual Defendants"), to dismiss certain common law claims asserted against them in Plaintiff's Third Amended Complaint.[1] *See* Defs.' Mot. (Doc. No. 29). Plaintiff Jennifer Vesper has responded in opposition (Doc. No. 32), and the Individual Defendants have replied. The motion is granted in part and denied in part.

---

[1] At the time the events occurred in this lawsuit, Lora was the acting superintendent or superintendent for co-defendant Independent School District No. 89 of Oklahoma City ("District"), *see* Third Am. Compl. ¶ 3; Sindaco was an Instructional Leadership Director for the District, responsible for supervising building administrators, *see id.* ¶¶ 4, 76; and Perrault was the District's Director of Human Services, *see id*. ¶ 5. The Court adheres to the identification of the District set forth in Plaintiff's operative pleading, namely: "Independent School District No. 89 of Oklahoma City, a public school district within Oklahoma County, Oklahoma." Third Am. Compl. ¶ 2. It is noted, however, that in its Notice of Removal this defendant identified itself as "Independent School District No. 89 of Oklahoma County, Oklahoma." Doc. No. 1 at 1; *see also* Third Am. Comp. Ex. 4 (Doc. No. 27-4) (employment contract for Plaintiff, identifying employer as "Independent School District No. 89 of Oklahoma County, Oklahoma").

STANDARD OF REVIEW

Defendants assert that Counts VIII, IX, and X of the Third Amended Complaint fail to state a claim upon which relief may be granted and, therefore, those claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), the Supreme Court held that, pursuant to Federal Rule of Civil Procedure 8, a complaint need not contain "detailed factual allegations," *id*. at 555 (citations omitted), but it must contain "enough facts to state a claim to relief that is plausible on its face," *id*. at 570. That is, the federal pleading rules impose a "burden . . . on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that . . . she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The allegations in the operative complaint must "be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief [against the defendants]." *Id*. (footnote omitted).

The Court's task at this stage, therefore, is to determine whether "there are well-pleaded factual allegations" in the challenged pleading and, if so, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*

---

[2] A summary of Plaintiff's allegations in the Third Amended Complaint is set forth in the Court's separate order, entered contemporaneously herewith, on the District's motion to dismiss. In the instant Order, the Court has addressed only Plaintiff's arguments as to Counts VIII, IX, and X of the Third Amended Complaint. Because Plaintiff seeks relief under state common law in these counts, the Court has not considered Defendants' argument that they are qualifiedly immune from liability in connection with Plaintiff's federal law claims set forth in Counts III, IV, and V. That affirmative defense is addressed in the separate order.

*v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant[s] [are] . . . liable for the misconduct alleged." *Id*. at 678 (citation omitted). As the Tenth Circuit has recognized, *Twombly* and *Iqbal* do not change Rule 8's fair notice requirement[3] or Rule 12(b)(6)'s requirement that a complaint state a legally recognized claim for relief; these decisions only add the "requirement of plausibility [that] serves . . . to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success." *Robbins*, 519 F.3d at 1248.

This "requirement of plausibility" therefore obligates Plaintiff to set forth in the Third Amended Complaint "'either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and further citation omitted). And, while "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context," *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (citations omitted), neither "'naked assertion[s]' devoid of 'further factual enhancement[,]'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557), nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] . . . suffice," *id*. (citation omitted). If a pleading's factual allegations "are 'merely consistent with' a defendant's liability," *id.* at 678 (quotation omitted), or "do not

---

[3] Rule 8 requires that a complaint "contain[ ] sufficient information to give the defendants fair notice of . . . [the] claims against each of them." *Gray v. Geo Group, Inc.*, 727 F. App'x 940, 944 n.2 (10th Cir. 2018) (citation omitted).

permit the [C]ourt to infer more than the mere possibility of misconduct," *id*. at 679, the plaintiff "has not 'show[n]' . . . 'that [she] . . . is entitled to relief,'" *id*. (quotation omitted).

Applying the foregoing standards to Counts VIII, IX, and X of the Third Amended Complaint, the Court has construed all well-pled allegations in Plaintiff's favor to determine whether she has met her "obligation to provide the 'grounds' of [her] . . . 'entitle[ment] to relief.'" *Twombly*, 550 U.S. at 555 (citation omitted). And while mindful that Rule 12(b)(6) "does not require that [Plaintiff] establish a prima facie case," the Court has examined the essential "elements of each alleged cause of action" in order to better "determine whether [she] has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (citations omitted); *see also Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013) (stating that "[p]leadings that do not allow for at least a 'reasonable inference' of the legally relevant facts are insufficient" (citation omitted)).

## ANALYSIS

A. *Whether the Oklahoma Governmental Tort Claims Act Precludes Plaintiff's Count VIII Against the Individual Defendants*

The Individual Defendants first argue that they are entitled to dismissal of Count VIII because their actions about which Plaintiff has complained were "necessary and usual to accomplish the work of being a superintendent, human resources officer, and leadership director and are part of the normal and customary actions for an educational setting." Defs.' Mot. at 3.[4] Contending that their actions were therefore "for a bona fide business

---

[4] References to filings use the page numbers assigned by the Court's CM/ECF system.

purpose and/or were actions within the scope of [their] employment," *id.*, the Individual Defendants assert that the Oklahoma Governmental Tort Claims Act ("OGTCA" or "Act"), Okla. Stat. tit. 51, § 151 *et seq.*, precludes their being found liable in tort.

The OGTCA provides "the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort [in Oklahoma]." *Tuffy's, Inc. v. City of Oklahoma City*, 212 P.3d 1158, 1163 (Okla. 2009) (footnote omitted); *e.g.*, Okla. Stat. tit. 51, § 153(B). Through the OGTCA, the state's political subdivisions—which by statutory definition include school districts, *see id.* § 152(11)(b)[5]—have waived their sovereign immunity but "only to the extent and in the manner provided in th[e] [A]ct." *Id.* § 152.1(B).

Under the OGTCA, if an employee of a state political subdivision commits a tort while acting within the scope of his or her employment, the state employer may be held liable but the employee may not. *See id.* § 153(A), (C); *see, e.g., Crouch v. Daley*, 581 F. App'x 701, 705 (10th Cir. 2014) (holding that state employee acting within scope of employment is immune from tort liability under OGTCA and responsibility for any loss incurred because of that employee's torts shifts to political subdivision). If a state employee commits a tort while acting outside the scope of his or her employment, however, the OGTCA authorizes suit to proceed against the individual. Okla. Stat. tit. 51, § 153(C).

Therefore, the Court is required to determine whether Plaintiff has plausibly alleged that any of the Individual Defendants was acting outside the scope of his or her employment as to the conduct Plaintiff alleged in Count VIII to be tortious. *See Martin*, 975 P.2d at 895

---

[5] *See Martin v. Johnson*, 975 P.2d 889, 895 (Okla. 1998) (tort liability of school district is subject to provisions of OGTCA).

(footnote omitted). The term "scope of employment" for purposes of the OGTCA "means performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority." Okla. Stat. tit. 51, § 152(12). If Lora, Sindaco, and Perrault were acting within the scope of their employment in connection with the actions complained of in Count VIII, the only proper defendant to that claim is the District. On the other hand, if the well-pled allegations show that Lora, Sindaco, and Perrault were acting outside the scope of their employment relevant to those claims, then these Defendants may be held individually liable.

In Count VIII, Plaintiff asserts that the Individual Defendants tortiously interfered with her employment contract with the District, *see* Third Am. Compl. Ex. 4 (Doc. No. 27-4), and with the Oklahoma City Building Administrators' ("OCBA") Collective Bargaining Agreement ("CBA"), *see* Third Am. Compl. Ex. 1 (Doc. No. 27-1). In *Mac Adjustment, Inc. v. Property Loss Research Bureau*, 595 P.2d 427 (Okla. 1979), the Oklahoma Supreme Court outlined the elements of a cause of action for tortious interference with contract. The state court held that to prevail in such an action, a plaintiff must plead and ultimately prove:

> 1. That . . . she had a . . . contractual right that was interfered with [by the defendant].
>
> 2. That the [defendant's] interference was malicious and wrongful, and that such interference was neither justified, privileged nor excusable.
>
> 3. That damage was proximately sustained as a result of the complained-of interference.

*Mac Adjustment*, 595 P.2d at 428.

The Oklahoma Supreme Court has recognized that the second element of the tort of interference with contract "requires a showing of bad faith and thus cannot be committed within the scope of employment by an employee of a political subdivision." *Tuffy's*, 212 P.3d at 1166. Thus, if Plaintiff has plausibly alleged that any of the Individual Defendants acted in bad faith, her claim against that Defendant may proceed. *See Martin*, 975 P.2d at 896-97 (stating that if employee acts in bad faith and contrary to the interests of employer in tampering with a third party's contract with employer, employee is not exempt from tort claim for interference with contract).

Plaintiff alleges that she had "[a] valid and binding . . . [e]mployment [c]ontract," Third Am. Compl. (Doc. No. 27) ¶ 218, which together with the CBA "delineate[d] the terms and conditions of [her] . . . employment," *id*. ¶ 219. She further alleges that Individual Defendants Lora, Sindaco, and Perrault "maliciously, willfully, and materially interfere[d] with . . . her . . . employment contract and the CBA, by arbitrarily altering the [Reduction in Force ('RIF')] Procedure in their bad faith, unsuccessful effort to terminate . . . [her]." *Id*. ¶ 220. Plaintiff summarizes these Defendants' alleged actions in her response:

> [They] (i) changed the RIF process after receiving the scores; (ii) pen-and-inked her score in a private meeting, (iii) made her the only person of 79 assistant principals whose score was altered to the extent that she was made subject to the RIF after her initial score made her not subject to the RIF, (iv) altered the RIF letter setting forth the process; (v) reneged on the process they negotiated with the union, (vi) changed the criteria of those subject to the RIF; (vii) refused to call witnesses named in the RIF procedure; (viii) altered the testimonial evidence against [her] . . . in between the interview of Sindaco and the hearing in such a way as to indicate untruthfulness, and perhaps calculated untruthfulness; (ix) refused a request that the Superintendent encourage certain individuals to respond to [her] . . . request

to be a witness for her, and to provide personal assurance that the witnesses will suffer no retaliation for their testimony; (x) compounded this by "reminding" Principal [Shelly] Deas that she did not have to testify; (xi) changed the RIF procedure in the Findings of Fact to reflect what [d]efendants did[;] and (xii) misstated and misrepresented the RIF Policy and Implementing Regulation in the Findings of Fact and Conclusions . . . to reflect what the [d]efendants did[.]

Pl.'s Resp. (Doc. No. 32) at 1-2 (footnote omitted).[6] Plaintiff has alleged that the Individual Defendants' interference caused both "damage . . . to her reputation in the greater Oklahoma City teaching community through the wrongfully administered RIF Procedure, and falsely procured RIF rubric results, which now disparagingly appear[ ] on [her] record," Third Am. Compl. ¶ 221, and "the loss of prospective future employment and/or advancement," *id*. Plaintiff asserts that these Defendants' interference also caused her to incur "legal fees and costs" in order to "overturn[ ] the . . . District['s] wrongful and unsuccessful attempt to terminate her." *Id*.

The Court finds that these allegations and those of the remainder of the Third Amended Complaint set forth sufficient facts to support a plausible claim that Defendants Lora, Sindaco, and Perrault each intentionally committed a malicious and wrongful act that interfered with Plaintiff's employment contract with the District.[7] *See Mac Adjustment*,

---

[6] Plaintiff is ADVISED that no later than the dispositive motion stage she will be required to separately identify the allegedly wrongful acts committed by each defendant so that it may be determined whether there is a genuine issue of material fact as to whether each particular defendant tortiously interfered with her employment contract.

[7] The Court notes that many of these actions occurred after the RIF Procedure was implemented and "wrongfully administered," Third Am. Compl. ¶ 221, and after the rubric score was "falsely procured," *id*. Such actions were not considered in determining whether the Individual Defendants acted intentionally, maliciously, and wrongfully.

595 P.2d at 428; *Schonwald v. Ragains*, 122 P. 203, 210 (Okla. 1912) ("By the term 'malicious' we do not mean that defendants were actuated by motives of ill will against [plaintiff] personally, but . . . an unreasonable and wrongful act done intentionally, without just cause or excuse.").[8] Therefore, the Individual Defendants are not entitled to dismissal of Count VIII.[9]

> B. *Whether Plaintiff in Count IX States a Claim for Retaliation in Violation of Oklahoma Public Policy*

The Individual Defendants argue that Count IX of the Third Amended Complaint, titled "Retaliation," does not state a claim recognized under Oklahoma law. *See* Third Am. Compl. at 40.

In support of this claim, Plaintiff has alleged:

(1) "[a]s an experienced and respected long term teacher and administrator, [she] had a valid business expectancy in advancing her education career either with the . . . District, or some other [s]chool [d]istrict in the greater Oklahoma City area," *id*. at 40-41, ¶ 225;

---

[8] The Court is mindful that "Oklahoma courts have held that governmental employees who made termination decisions in violation of law or policy were nevertheless acting within the scope of their employment." *Muhammad v. Hall*, 674 F. App'x 810, 815 (10th Cir. 2017) (citing *Shephard v. CompSource Okla.*, 209 P.3d 288, 293-94 (Okla. 2009); *Wilson v. City of Tulsa*, 91 P.3d 673, 679 (Okla. App. 2004)). In such cases, "the governmental employers ratified the employees' actions, thereby establishing that the employees acted within the scope of their employment." *Id*. (citing *Shephard*, 209 P.3d at 290, 293; *Wilson*, 91 P.3d at 678). In the instant case, Defendants' "recommendation of termination," Third Am. Compl. ¶ 135, was—per Plaintiff's allegations—not followed because the Board determined that "the RIF process was applied differently [to her] . . . ." *Id*.

[9] The District, however, is immune from liability on Plaintiff's tortious interference claim. When a state employee tortiously interferes with a contract, and thus necessarily acts in bad faith, the relevant "political subdivision is not liable for malicious interference . . . because bad faith actions are specifically excluded from the [O]GTCA's definition of the scope of employment." *Tuffy's*, 212 P.3d at 1165.

9

(2) "[r]egardless of . . . Lora, . . . Perrault and . . . Sindaco's perception of [Hillcrest Elementary School ('Hillcrest'), at which she (Vesper) was employed as the assistant principal, [she] was entitled to provide truthful information to . . . Sindaco about [Hillcrest] Principal [Barbara] Walling without being pressured, threatened, or retaliated against," *id*. at 41, ¶ 226;[10]

(3) moreover, she "was entitled to notify the . . . District that it had not followed the RIF [P]rocedure, and contest the same," *id*. ¶ 227; and

(4) "[b]ecause [she] . . . declined to provide untruthful derogatory information about Principal Walling and because she contested the RIF Procedure, the . . . District, [together with the Individual Defendants,] . . . retaliated against [her] . . . by engaging in . . . wrongful acts relating to the RIF Procedure . . . and [by] wrongfully, intentionally, willfully or recklessly interfer[ing] with [her] . . . valid business expectancy and education career, [which] . . . irreparably damag[ed] her reputation . . . , thereby limiting [her] . . . chances for future advancement and employment," *id*. ¶ 228.

In her response to Defendants' Motion,[11] Plaintiff states that her claim for relief is "retaliation based on public policy." Pl.'s Resp. at 4. Plaintiff cites no applicable statutory authority for such a claim.[12] Nor does she cite any Oklahoma decisional law recognizing

---

[10] Specifically to this point, Plaintiff has alleged

(1) that Walling was principal at Hillcrest during the first semester of the 2015-2016 school year and that both Lora and Sindaco "had issues with . . . Walling," Third Am. Compl. at 12, ¶ 77;

(2) that Sindaco "urg[ed] Plaintiff to tell him derogatory information about . . . Walling," *id*. ¶ 78;

(3) that "Sindaco stated[,] . . . 'I won't help you unless you talk to me,'" *id*. ¶ 79; and

(4) that she "responded truthfully that she did not have any derogatory information regarding . . . Walling," *id*. ¶ 80.

[11] The District has adopted the arguments and authorities advanced by the Individual Defendants, *see* Doc. No. 28 at 8, and has joined in their request for dismissal of this count.

[12] In identifying the elements of this claim for relief, Plaintiff has relied on *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282 (10th Cir. 2007), in which the plaintiff sought relief for the defendant's alleged interference with, and retaliation for, the plaintiff taking leave covered by the Family and Medical Leave Act (FMLA). That federal statute has no direct applicability to the facts alleged by Plaintiff. Nor does Plaintiff explain how the

such a claim. Plaintiff expressly denies that she is attempting to assert an Oklahoma common law tort based on *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989) (recognizing a common law claim for wrongful discharge of an at-will employee in violation of Oklahoma public policy). *See id.*

Plaintiff has not pointed the Court to any legal authority for her claim of "retaliation based on public policy." Accordingly, the Individual Defendants as well as the District are entitled to dismissal of Count IX.

*C. Whether Plaintiff's Count X Malicious Prosecution Claim is Barred by the Statute of Limitations*

Finally, the Individual Defendants argue that Plaintiff's claim for malicious prosecution in Count X is barred by the applicable statute of limitations. In Count X, Plaintiff asserts that Individual Defendants Lora, Sindaco and Perrault "acted outside the scope of their employment by improperly initiating and prosecuting the RIF Procedure against [her], . . . arbitrar[ily] and groundless[ly] . . . [and in] conflict with the written procedure they published." Third Am. Compl. ¶ 233.[13]

The Court previously found this claim was time-barred. *See* Order of April 12, 2018 (Doc. No. 22) (West, J.) at 21-22. Upon review of the allegations in the Third Amended

---

FMLA's statutory provision of a cause of action for retaliation, *see* 29 U.S.C. § 2615, would support a state common law claim for "retaliation based on public policy." Pl.'s Resp. at 4.

[13] Plaintiff has sought relief, in the alternative, against the District in Count X. *See* Third Am. Compl. ¶ 232 ("District, acting by and through . . . Lora, . . . Perrault and . . . Sindaco, improperly initiated and prosecuted the RIF Procedure against Plaintiff, for arbitrary and groundless rationale at conflict with the written procedure [it] published.").

11

Complaint, and considering the arguments and authorities submitted in Plaintiff's Response to Defendants' Motion, the Court concludes for the reasons previously explained by Judge West that the claims in Count X are time-barred. Accordingly, the Individual Defendants as well as the District are entitled to dismissal of Count X.

CONCLUSION

Based on the foregoing, the Court

(1) DENIES the Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. No. 29) filed by Individual Defendants Lora, Sindaco, and Perrault on May 17, 2018, to the extent these three Defendants seek dismissal of Count VIII of the Third Amended Complaint;

(2) GRANTS said motion to the extent it seeks dismissal of Counts IX and X; and

(3) DISMISSES with prejudice Counts IX and X of the Third Amended Complaint as to all Defendants.

IT IS SO ORDERED this 20th day of November, 2018.

_____
CHARLES B. GOODWIN
United States District Judge