# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIFER VESPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-17-1165-G |
| | ) |
| INDEPENDENT SCHOOL | ) |
| DISTRICT NO. 89 OF OKLAHOMA | ) |
| CITY et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Now before the Court is Plaintiff Jennifer Vesper's Motion to Remand to State Court (Doc. No. 60). Defendant Independent School District No. 89 of Oklahoma City (hereinafter, "the District") and Defendants Aurora Lora, Eduardo Sindaco, and Janis Perrault, who are sued in their individual capacities (hereinafter, collectively, the "Individual Defendants"), have responded in opposition (Doc. No. 64), and Vesper has filed a reply in support of her request that the Court remand the remaining state law claims to the District Court for Oklahoma County, Oklahoma (Doc. No. 66).

This matter was filed in state court on June 29, 2017, *see* Pet. (Doc. No. 1-1), and removed on October 27, 2017. *See* Notice of Removal (Doc. No. 1). On November 20, 2018, the Court dismissed with prejudice all federal law claims over which it had original jurisdiction. *See* Order of Nov. 20, 2018 (Doc. No. 57); Order of Nov. 20, 2018 (Doc. No.

58).¹ Only Vesper's state law claims for breach of the Collective Bargaining Agreement and her employment contract against the District and for tortious interference with contract against the Individual Defendants remained.

Because no federal law claims survived Defendants' challenges, the Court was permitted under 28 U.S.C. § 1367(c), if in the exercise of its discretion it chose to do so, to decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (when all federal claims have been dismissed, court may, and usually should, decline to exercise jurisdiction over remaining state claims). After consideration of the Tenth Circuit's decision in *Thatcher Enters. v. Cache Cty. Corp.*, 902 F.2d 1472 (10th Cir. 1990), wherein the circuit court recognized that courts may exercise jurisdiction even in the absence of any triable federal law claims if, "given the nature and extent of [the] pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction," *id.* at 1478,² the Court decided to exercise supplemental jurisdiction over Plaintiff's state law

---

¹ The Court likewise dismissed with prejudice Vesper's claims seeking relief against all Defendants under article 2, section 7 of the Oklahoma Constitution and for malicious prosecution and her state law indemnity claim against the District. *See* Order of Nov. 20, 2018 (Doc. No. 57); Order of Nov. 20, 2018 (Doc. No. 58).

² *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (district court should consider "host of factors" "including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims"); *id.* (§ 1367(c) "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity'"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("discretion to remand enables district courts to deal with cases involving pendent

claims. *See* Order of Nov. 20, 2018 (Doc. No. 57) at 33-34 n.48. Balancing the factors deemed relevant in Tenth Circuit case law, the Court found that the litigants had engaged in substantial pretrial efforts and that both the Court and the parties had expended considerable time and energy prior to the Court's final disposition of Vesper's federal claims.[3]

Plaintiff has now contended that remand to state court is warranted because "[d]iscovery is not even close to being completed," Pl.'s Reply (Doc. No. 66) at 4, "[t]here has not yet been a final disclosure of . . . witnesses and exhibits," *id.*,[4] "[t]here are relatively lengthy deadlines to file dispositive motions," *id.*,[5] and the matter is not set for trial until August 2019. *See* Amended Scheduling Order (Doc. No. 63) at 3. Vesper has also contended, without explanation, that "it is significantly more economical for an individual Plaintiff . . . to litigate her state claims against a state defendant, and individual defendants,

---

claims in the manner that best serves the principles of economy, convenience, fairness, and comity").

[3] *See Henderson v. Nat'l R.R. Passenger Corp.*, 412 Fed. App'x 74, 79 (10th Cir. 2011) (district court properly exercised discretion in retaining jurisdiction where "parties had 'filed a Joint Status Report and Provisional Discovery Plan, prepared and served disclosure statements as required by [Fed.] R. Civ. P. 26(a), attended a scheduling conference, exchanged written discovery, taken multiple depositions, participated in a telephonic status conference, and designated expert witnesses" and trial date had been set) (quotation omitted).

[4] The original deadlines for the parties to do so were June 1 and July 1, 2018, respectively. *See* Scheduling Order (Doc. No. 13) at 2. Over Plaintiff's objection, *see* Pl.'s Resp. (Doc. No. 44), the Court extended those deadlines, as Defendants had requested, to December 1, 2018, and January 1, 2019, respectively. *See* Amended Scheduling Order (Doc. No. 45) at 2. By agreement, the parties' deadlines for filing the final lists of witnesses-in-chief and exhibits have now been extended to March 1, 2019, and March 15, 2019. *See* Amended Scheduling Order (Doc. No. 63) at 1-2.

[5] The parties' deadline to file dispositive motions is April 1, 2019. *See id.* at 2.

in state court than in federal court." Pl.'s Mot. (Doc. No. 60) at 5.  Finally, Vesper has argued, again without support, that "[t]he federal courts are currently backlogged, to the extent it may take many months to secure decisions for dispositive motions, . . . while similar motions can be decided within forty (40) days in state court." *Id*. at 4.

After considering and weighing all pertinent factors, the Court finds that Plaintiff has not demonstrated that remand is warranted under these circumstances.  Judicial economy weighs in favor of exercising jurisdiction.  The Court is familiar with the facts and history of the case and is fully capable of resolving not only any discovery issues that may arise, but also the state law on which Plaintiff's claims are based—laws that are not novel, complex, or unsettled.

Furthermore, the factors of convenience and fairness are neutral.  First, Plaintiff and Defendant Perrault reside in, and the offices of counsel are located in, the Oklahoma City metropolitan area.  Defendant Sindaco resides in Austin, Texas, *see* Defs.' Mot. to Strike Scheduling Order (Doc. No. 51) at 5, and, according to Defendants, Defendant Lora is in the process of moving out of state.  *See id*. at 7.  Second, Plaintiff has not demonstrated that the cost of litigating in this forum is significantly greater than litigating her claims in state court.

Because Plaintiff has advanced no grounds that require further consideration of this issue or that justify remand at this stage, the Court in its discretion DENIES Plaintiff Vesper's Motion to Remand to State Court (Doc. No. 60).

IT IS SO ORDERED this 19th day of December, 2018.

*Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge